DECISION AND JUDGMENT ENTRY
{¶ 1} This is a delayed appeal from a judgment of the Lucas County Court of Common Pleas that sentenced appellant to a term of incarceration following a finding that he violated the terms of his community control imposed after he was found guilty of one count of robbery. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} The undisputed facts that are relevant to the issues raised on appeal are as follows. During the early morning hours of November 21, 1999, appellant and two friends, who were sitting in appellant's car in an alley in Toledo, became involved in an altercation with two individuals walking through the alley. The pedestrians, Sue Bekier and Robert Schwamberger, became angry when they heard someone in appellant's car break a glass container on the ground. Appellant attempted to drive away, but Bekier stood in front of his car so that she could get the license plate number. Appellant stopped the car and he and his companions got out. One of the occupants of the car fled the scene before any physical confrontation began. During the struggle that ensued, Bekier's purse was taken from her and appellant's friend, Patrice Ellis, struck Schwamberger on the head with a glass bottle. Appellant and Ellis then got into the car and drove away. Shortly thereafter, Toledo police officers questioned appellant and Ellis about the incident. Appellant subsequently was charged with one count of robbery in violation of R.C. 2911.02(A)(2) and, after a trial to the bench on February 2, 2000, appellant was found guilty. On March 3, 2000, the trial court sentenced appellant to five years community control. At that time, the trial court advised appellant that if he violated any of the terms and conditions of his community control he would face a prison term of eight years.
 {¶ 3} On June 8, 2001, appellant appeared before the trial court for a community control violation hearing. Appellant admitted to several violations and waived his right to a full hearing. The trial court then found that appellant was in violation of community control and proceeded to sentence modification. The court found that appellant was no longer amenable to community control and sentenced him to serve a term of five years in prison on the robbery conviction.
 {¶ 4} Appointed counsel Edward J. Fischer has submitted a request to withdraw pursuant to Anders v. California (1967),386 U.S. 738. In support of his request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues.
 {¶ 5} Anders, supra, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 6} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant responded to counsel's request to withdraw by filing a pro se brief. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant as well as those proposed by appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 7} Counsel and appellant both set forth a proposed assignment of error suggesting that appellant's conviction was against the manifest weight of the evidence.
 {¶ 8} In a bench trial, the court assumes the fact-finding function of the jury. Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, it must be determined that the court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52. Due deference must be accorded the findings of the trial court because the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. State v. Binford, 8th Dist. No. 81723,2003-Ohio-3021.
 {¶ 9} We have thoroughly reviewed the evidence in this case and find no indication that the trial court lost its way or created a manifest miscarriage of justice by finding appellant guilty of robbery. The trial court heard the testimony of a detective, four police officers who responded to calls reporting the incident, a witness who was not involved in the confrontation, victims Bekier and Schwamberger, and the passenger in appellant's car who left just as the confrontation began. The trial court then found that there was evidence that Bekier's purse was stolen during the confrontation, that Schwamberger told someone to give it back, and that appellant drove away in his car with Ellis and the purse. While appellant questions the weight the trial court gave to the testimony it heard, how much weight to give the witnesses' testimony and the resolution of any inconsistencies were matters for the trial court to resolve. Accordingly, this proposed assignment of error is without merit.
 {¶ 10} Counsel for appellant also comments on allegations made by appellant in earlier filings that the trial court failed to comply with the provisions of R.C. 2929.19(B)(5) at sentencing when it imposed community control rather than a term of imprisonment. Appellant raises a similar claim in his pro se brief, asserting that the trial court failed to inform him at sentencing of the specific prison sentence he would face if he violated his community control.
 {¶ 11} R.C. 2929.19(B)(5) states that if the sentencing court determines at the sentencing hearing that a community control sanction should be imposed "* * * [t]he court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14
of the Revised Code."
 {¶ 12} At the sentencing hearing, the trial court stated to appellant: "If you violate any condition of community control, Mr. Archie, you will look at a longer and more restrictive sanction, including a prison term of 8 years." This court finds that the trial court could not possibly have been any more specific when addressing appellant as to the possibility of going to prison if he violated his community control and as to the length the sentence which the court would impose in that event. Accordingly, counsel's and appellant's proposed assignments of error as to this issue are without merit.
 {¶ 13} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. Both of appellant's proposed assignments of error are found not well-taken. The decision of the Lucas County Court of Common Pleas is affirmed and, pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Singer, J., Concur.