DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the January 11, 2008 judgment of the Lucas County Court of Common Pleas, wherein defendant-appellant, George Shelton Jones, was convicted, following a jury trial, of two counts of aggravated robbery, with firearm specifications, in violation of R.C. 2911.01(A)(1) and 2941.145, and *Page 2 
sentenced to a total of nine years of imprisonment. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} Appellant raises the following assignment of error:
 {¶ 3} "Assignment of Error No. 1: The guilty verdicts for two counts of Aggravated Robbery with gun specifications were against the manifest weight of the evidence and should be reversed because the jury disregarded Appellant's testimony and corroborating testimony that he was an innocent bystander to the crime committed by his co-defendant."
 {¶ 4} On August 29, 2007, appellant was indicted on two counts of aggravated robbery with firearm specifications. The indictment stems from an incident on the night of August 21, 2007, in Toledo, Lucas County, Ohio. A plea of not guilty was entered and the case proceeded to trial on December 10, 2007.
 {¶ 5} A summary of the trial testimony is as follows. On the evening of August 21, 2007, Priscilla Akankwasa and Jacqueline Wright were at the home of Sarah Anderson located at 114 Batavia Street, Toledo, Lucas County, Ohio. At some point after 9:00 p.m., Akankwasa became aware that her purse had been stolen from her vehicle and she began arguing with Ed Wright, her ex-boyfriend, outside the house. Anderson and Jacqueline Wright both came outside and persuaded Akankwasa to call the police. According to Akankwasa, Ed Wright then left the premises.
 {¶ 6} At the same time, three members of the Toledo police bike patrol unit were patrolling the area and witnessed two men crossing the street towards the women *Page 3 
standing outside the house. The two men were dressed in all black; Akankwasa, Wright and the officers testified that they wore white t-shirts over their faces as masks. Both Wright and Akankwasa testified that they saw the co-defendant with a gun in his hands as he and appellant ran across the street towards them.
 {¶ 7} According to Toledo Police Officers Erik Welling and Alanna Whatmore, Lieutenant Michael Troandle, Wright and Akankwasa, appellant pinned Akankwasa against her car in front of the house with his arm going into her back. At the same time, co-defendant, Julius Chears, had Wright face down in the front yard. Chears used a gun to force Wright to the ground. Appellant contends that he saw Akankwasa arguing with her ex-boyfriend, Ed Wright, and attempted to break up the fight by restraining her against the car. Akankwasa, Wright and the officers testified that they heard appellant say to Akankwasa, "what you got," and "don't look at me" while going through her pockets.
 {¶ 8} The police approached the scene from the other end of the street. Officer Whatmore testified that although it was between 9:30 and 9:45 p.m. when the police approached, the entire street was lit by streetlights. Officers Welling and Whatmore testified that they saw the incident from the time the two men walked across the street until Chears had Wright on the ground and appellant had Akankwasa against the passenger side of her car. On seeing this turn of events, Officer Welling quickly dismounted his bike and yelled "police." Both suspects discarded the white masks and attempted to walk away from the scene. Chears also threw the gun into a nearby bush *Page 4 
where it was later recovered by Lieutenant Troandle. Lieutenant Troandle and Officer Whatmore apprehended appellant and Officer Welling apprehended Chears.
 {¶ 9} Lieutenant Troandle testified that he tackled appellant a short distance from the vehicle. Appellant testified that Office Troandle did not tackle him, but was told to get on the ground which he did. The officers took appellant and Chears into custody separately. Appellant testified that he asked the arresting officer what was going on and stated that they were just "clowning around." The arresting officer, Officer Donald Comes, also testified that appellant asked several times what was going on and stated that everyone was just clowning around.
 {¶ 10} Appellant testified that he and Chears were headed to the liquor store when they saw Akankwasa arguing with Ed Wright. Appellant testified that he had no knowledge that Chears had a gun or that he used it to force Jacqueline Wright to the ground. Appellant further testified that he restrained Akankwasa, because she began acting aggressively, and he did not talk to or know of Chears's action until after police had them both in custody.
 {¶ 11} In his sole assignment of error, appellant maintains that his aggravated robbery conviction was against the manifest weight of the evidence because the jury disregarded appellant's testimony and the corroborating testimony that he was an innocent bystander.
 {¶ 12} To determine whether a verdict is against the manifest weight of the evidence, the appellate court must decide whether the judgment is supported "by some *Page 5 
competent, credible evidence going to the essential elements of the case." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,280. In this way, the appellate court acts as the "thirteenth juror" and "`* * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 13} Appellant argues that the jury disregarded evidence that supported his contention that he was an innocent bystander "in the wrong place at the wrong time." Appellant's own testimony and that of several state witnesses show that during the incident appellant and Chears did not speak to each other. Appellant argues that the lack of communication, and the fact that he casually walked away from the scene show that he did not know he was suspected of committing a crime.
 {¶ 14} Appellant further argues that the jury ignored his testimony that he did not intend to rob anyone and that he did not know that Chears had a gun when they approached the victims. Appellant's testimony, however, is weighed against the testimony of both victims and the officers present who observed appellant clad in all black, wearing a makeshift mask, and patting down Akankwasa as he pinned her against her car. *Page 6 
 {¶ 15} Appellant also claims that the lack of DNA testing on the mask supports his claim that he was there as a bystander only. At trial, all three bike patrol officers testified to seeing both defendants reach up and pull off white masks after hearing Officer Welling yell "police." The officers recovered the t-shirts used as masks at the scene at the same time they apprehended both defendants. Also, Wright and Akankwasa both testified to seeing a white mask across the lower half of appellant's face when he approached them and noticing that it was no longer there when he was apprehended.
 {¶ 16} Appellant questions the credibility of the state's witnesses as further evidence that the jury lost its way in reaching its verdict. However, the Ohio Supreme Court has ruled that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, 231. This court affirmed this rule in State v. Archie, 6th Dist. Nos. L-02-1225, L-02-1262, 2004-Ohio-4844, ¶ 9, holding "how much weight to give the witnesses' testimony and the resolution of any inconsistencies were matters for the trial court to resolve."
 {¶ 17} The discrepancies between appellant's testimony and the corroborating testimony of the state's witnesses do not show that the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin, 20 Ohio App.3d at 175. The jurors, obviously, found the testimony of the state's witnesses to be credible. Accordingly, appellant's assignment of error is not well-taken. *Page 7 
 {¶ 18} On consideration whereof, we find appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J. Arlene Singer, J, William J. Skow, P.J, CONCUR. *Page 1