[Cite as *State v. Smith*, 2014-Ohio-4945.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-240 |
| v. | : | (C.P.C. No. 12CR-1600) |
| Star C. Smith, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 6, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Defendant-appellant, Star C. Smith, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 29, 2012, appellant was indicted on two counts of failure to appear on recognizance bond, in violation of R.C. 2937.29 and 2937.99, both felonies of the fourth degree. A jury trial was conducted on count one, and, pursuant to the state's request, the court entered a nolle prosequi for count two.

{¶ 3}   At the beginning of trial, the following stipulation was entered by the parties and read to the jury:

> Star Smith was released on a recognizance bond on Franklin County Court of Common Pleas Case 12CR-804. She was charged with a felony. While being out on said recognizance her case was set for trial on March 26, 2012, at 9:00 a.m. before Judge Kimberly Cocroft in courtroom 4E. She received notice and was aware of her scheduled trial date.

(Tr. Vol. I, 24.) The following facts were adduced at trial.

{¶ 4}   Appellant testified she was anxious about her trial date and could not sleep the night before. She eventually fell asleep at 7:00 a.m. that morning. Appellant's alarm clock was set for 7:35 a.m.; she slept through it and missed multiple phone calls. She woke up at approximately 10:00 a.m. and contacted the bailiff, who advised her to call her attorney for further assistance. Appellant's attorney told her to turn herself in to the jail. She attempted to do so, but the jail staff was not aware of a warrant for her arrest. Appellant testified she spoke with her attorney again, and he advised her to appear in court the next morning, which she did. The case did not proceed.

{¶ 5}   Amy Flowers was Judge Cocroft's bailiff on March 26, 2012, when appellant's case was set for trial. Ms. Flowers testified that the case had been continued numerous times, but the parties knew March 26, 2012 was a "for-sure" trial date. (Tr. Vol. I, 27.) Trial was set to begin at 9:00 a.m. The assistant prosecutor, defense attorney, judge, and court staff were all present and ready to proceed, but appellant was not. Judge Cocroft determined the trial could not go forward. Ms. Flowers remembered receiving telephone calls from both appellant and her defense attorney later in the day on March 26, 2012, but she could not recall the explanation either gave for appellant's absence. Ms. Flowers added that appellant appeared in court the next day, but the trial could not proceed at that time. Upon cross-examination, Ms. Flowers testified that, to her knowledge, appellant was present on all of the past trial dates that were continued.

{¶ 6}   The jury found appellant guilty of failure to appear as charged in the indictment, and the trial court sentenced appellant accordingly. We granted appellant's request for leave to appeal from the trial court's decision.

**II. ASSIGNMENTS OF ERROR**

{¶ 7}   Appellant raises two assignments of error for us to review:

> [I.] The judgment of the trial court is not supported by sufficient, credible evidence.
>
> [II.] The judgment of the trial court is against the manifest weight of the evidence.

## III. DISCUSSION

{¶ 8}   We consider appellant's assignments of error together for ease of discussion.  Under her two assignments of error, appellant argues her conviction was not supported by sufficient evidence and was against the manifest weight of the evidence produced at trial.  We disagree.

{¶ 9}   "Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict." *State v. Cassell*, 10th Dist. No. 08AP-1093, 2010-Ohio-1881, ¶ 36, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In reviewing a challenge to the sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, superseded by constitutional amendment on other grounds as recognized in *State v. Smith*, 80 Ohio St.3d 89, 102 (1997).

{¶ 10}   "While sufficiency of the evidence is a test of adequacy regarding whether the evidence is legally sufficient to support the verdict as a matter of law, the criminal manifest weight of the evidence standard addresses the evidence's effect of inducing belief." *Cassell* at ¶ 38, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 25, citing *Thompkins* at 386-87.  "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387, citing *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).  " 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' "  *Id.*, quoting *State v.*

*Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). This discretionary authority " 'should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*, quoting *Martin* at 175.

{¶ 11} R.C. 2937.99, failure to appear, provides in relevant part:

> (A) No person shall fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code. Whoever violates this section is guilty of failure to appear and shall be punished as set forth in division (B) or (C) of this section.
>
> (B) If the release was in connection with a felony charge or pending appeal after conviction of a felony, failure to appear is a felony of the fourth degree.

{¶ 12} In order to prove appellant failed to appear, the prosecution was required to show: (1) appellant was released on her own recognizance, and (2) recklessly[1] failed to appear at her required court proceeding. *State v. Hicks*, 4th Dist. No. 08CA6, 2009-Ohio-3115, ¶ 31-32; *State v. Treft*, 6th Dist. No. WD-07-085, 2009-Ohio-1127, ¶ 25-27. "Recklessness" is defined in R.C. 2901.22(C), which states: "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

{¶ 13} While appellant concedes she failed to appear, she contends she did not act recklessly by missing her court date. We disagree. Appellant had notice of her trial date and time. She knew her trial would go forward on that day. The jury had no obligation to believe appellant's testimony that she slept through her alarm clock and missed multiple phone calls. Even if the jury believed her testimony, the jury still could have found appellant acted recklessly when, after not sleeping all night, she allowed herself to fall asleep just prior to the time she needed to prepare for court. Viewing the evidence in a light most favorable to the state, the evidence was sufficient to justify appellant's

---

[1] Although the statute does not specify a culpable mental state for this crime, recklessness is the appropriate standard. R.C. 2901.22(B).

conviction. Further, we cannot find that the jury, as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that appellant's conviction must be reversed and a new trial granted. *See State v. Platz*, 4th Dist. No. 00CA36, 2001-Ohio-2541 (affirming failure to appear conviction because jury obviously gave little weight to defendant's explanations, such as his assumption that his attorney obtained a continuance, and health problems, which was within the jury's province).

{¶ 14} Accordingly, having concluded that appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence, we overrule appellant's first and second assignments of error.

## IV. CONCLUSION

{¶ 15} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

DORRIAN, J., concurring.

{¶ 16} Appellant presented evidence that she contacted the bailiff and her attorney upon waking and realizing she missed court. She also presented evidence that she tried to turn herself into jail, but the jail had no record of a warrant. She also appeared in court the very next day and had no prior history of non-appearance on trial dates previously scheduled for this case. While these circumstances certainly suggest that appellant was not acting recklessly when she failed to appear, given the deference this court must give to the jury, I cannot say that the verdict was against the manifest weight of the evidence. Therefore, I concur with the majority and would affirm.

_____