[Cite as *State v. Chears*, 2022-Ohio-861.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals Nos.  WD-21-026
                                                                                          WD-21-028
           Appellee
                                                             Trial Court No.  2020CR0401
v.

Felicia A. Chears                                      **DECISION AND JUDGMENT**

           Appellant                                    Decided:  March 18, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for
appellee/cross-appellant.

Jeffrey P. Nunnari, for appellant/cross-appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal from a judgment of the Wood County Court of

Common Pleas, which convicted appellant/cross-appellee, Felicia A. Chears, for the

offenses of petty theft and aggravated robbery with two firearms specifications and sentenced her for those offenses. For the reasons set forth below, this court affirms the judgment of the trial court.

## I. Background

{¶ 2} On September 17, 2020, a Wood County Grand Jury indicted Chears with one count of aggravated robbery, a violation of R.C. 2911.01(A)(1), and a first-degree felony pursuant to R.C. 2911.01(C).

{¶ 3} The indictments against Chears included firearms specifications that "on or about the offender's person or under the offender's control while committing the offense" pursuant to R.C. 2941.141(A), for a one-year mandatory prison term under R.C. 2929.14(B)(1)(a)(iii), and "on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense" pursuant to R.C. 2941.145(A), for a three-year mandatory prison term under R.C. 2929.14(B)(1)(a)(ii).

{¶ 4} The grand jury also indicted Chears with one count of petty theft, a violation of R.C. 2913.02(A)(1) and (B)(2), and a first-degree misdemeanor. Appellee/cross-appellant, state of Ohio, alleged that Chears and an accomplice, her boyfriend, arranged via the LetGo app to a $400 cash purchase of a television in a private transaction, and

2.

during the daytime of April 30, 2020, they stole the television from the victim at gunpoint in a Kroger store parking lot located in Wood County, Ohio.

{¶ 5} Chears pled not guilty and waived a jury trial. The bench trial was held on February 10, 2021. As journalized on April 12,[1] the trial court found Chears guilty of both counts and both specifications and sentenced her to prison as follows: three years for count 1, aggravated robbery, plus one year for the first firearm specification and then 180 days for count 2, petty theft. The trial court further stated:

> The Court determined that it was appropriate to impose the one (1) year mandatory sentence under the R.C. 2941.141(A) firearm specification pursuant to R.C. 2929.14(B)(1)(a)(iii). The Court did not impose the three (3) year mandatory sentence under R.C. 2941.145(A) firearm specification because it imposed the one-year mandatory term. Pursuant to R.C. 2941.145(B) the imposition of the three (3) year sentence under R.C. 2929.14(B)(1)(a)(ii) is precluded if the one-year mandatory sentence is imposed pursuant to R.C. 2929.14(B)(1)(a)(iii).

{¶ 6} Chears appeals, assigned case No. WD-21-026, and sets forth one assignment of error: The trial court's general finding of guilty is against the manifest weight of the evidence.

---

[1] The sentencing hearing was held on April 8, 2021, and a scrivener error in the judgment entry states April 6.

3.

**{¶ 7}** The state of Ohio cross-appeals, assigned case No. WD-21-028, and sets forth one assignment of error: The trial court committed reversible error when it failed to sentence Chears to the mandatory three-year sentence pursuant to R.C. 2929.14(B)(1)(a)(ii).

**{¶ 8}** On May 14, 2021 this court ordered the consolidation of case No. WD-21-028 under case No. WD-21-026.

## II. Manifest Weight of the Evidence

**{¶ 9}** In support of her assignment of error, Chears argues her convictions should be reversed because the prosecution failed to prove beyond a reasonable doubt the criminal intent necessary to commit aggravated robbery and petty theft: "It cannot be said, beyond a reasonable doubt, that Chears was an active participant in the robbery given the victim's own doubts about her intentions." Chears argues the victim "is equivocal in his testimony about Chears' perceived intentions at the point she issued her admonishment to him about the gun. If the victim of the offense himself is not convinced of Chears' intentions, how could the trial court be convinced – *beyond a reasonable doubt*?" (Emphasis sic.) Chears further argues that where the victim's testimony is the only evidence of her criminal intentions, and the victim was uncertain of those intentions, such "doubt by the victim surely falls within the realm of reasonable doubt. The trial court erred by overlooking this doubt and substituting its judgment for that of the victim."

4.

{¶ 10} A challenge, based on the manifest weight of the evidence presented to a fact finder, questions its effect in inducing belief of Chears' guilt and questions whether the jury could find the inclination of a greater amount of credible evidence was admitted at trial to sustain that decision than not. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Judgments supported by some competent and credible evidence going to all the essential elements of the offense will not be against the manifest weight of the evidence. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Even in the case of a bench trial where the trial court judge performed the fact-finding function of a jury, that judge was in the best position to observe the witness conduct during testimony and use those observations to weigh the credibility of such testimony. *State v. Oviedo*, 6th Dist. Wood No. WD-13-085, 2015-Ohio-135, ¶ 19. Our review on appeal affords due deference to the trial court's findings. *Id.*

{¶ 11} In determining whether a verdict is against the manifest weight of the evidence, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way to create such a manifest miscarriage of justice as to require a new trial. *State v. Connin*, 6th Dist. Fulton No. F-21-001, 2021-Ohio-4445, ¶ 23. A conviction will be overturned only in exceptional cases. *Id.* The unanimous concurrence of all three judges of a court of appeals panel is required to overturn a judgment that results from a trial. *Id.*

5.

{¶ 12} After thoroughly reviewing the record we find no indication that the fact finder lost its way or created a manifest miscarriage of justice by finding beyond a reasonable doubt that Chears had the requisite criminal intent for the offenses.

{¶ 13} Chears acted with an accomplice, and the prosecution chose the option of charging Chears in terms of the principal offenses pursuant to R.C. 2923.03(F). R.C. 2911.01(A)(1) governs the offense of aggravated robbery in this matter: "No person, in attempting or committing a theft offense, as defined in [R.C. 2913.01], or in fleeing immediately after the attempt or offense, shall * * * Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."

{¶ 14} The mens rea, or criminal intent, necessary for aggravated robbery is found in the specific, underlying theft offense. *State v. Wesson*, 137 Ohio St.3d 309, 2013-Ohio-4575, 999 N.E.2d 557, ¶ 29. "Petty theft" is a "theft offense." R.C. 2913.1(K)(1), citing R.C. 2913.02(A)(1) and (B)(2). To be guilty of "petty theft" the prosecution had to prove beyond a reasonable doubt that Chears, "with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * without the consent of the owner or person authorized to give consent," R.C. 2913.02(A)(1), and the value of the property stolen is less than one thousand dollars, R.C. 2913.02(B)(2).

6.

{¶ 15} We must first clarify there is no mens rea element to elevate the theft offense to aggravated robbery because possession or control of a deadly weapon while committing the offense is strict liability. *Wesson* at ¶ 29. Nor is there a mens rea element for the firearm specification itself, which is penalty enhancement. *State v. Williams*, 1st Dist. Hamilton No. C-180588, 2020-Ohio-1368, ¶ 11; *State v. Cook*, 9th Dist. Summit No. 24058, 2008-Ohio-4841, ¶ 8. Thus, it is not a defense that Chears claims she did not know that her accomplice would use a gun because to be complicit to aggravated robbery, appellee need only prove beyond a reasonable doubt that Chears was involved in the robbery, which is supported by the evidence introduced at trial. *State v. Kimble*, 7th Dist. Mahoning No. 06 MA 190, 2008-Ohio-1539, ¶ 33.

{¶ 16} The victim testified at trial that Chears drove the getaway car to and from the rendezvous for the television sale transaction. After Chears and her accomplice had possession of the television and before paying for it, the accomplice pointed a gun at the victim while everyone was standing around. From behind, the victim heard Chears announce in a "threatening" and "aggressive" manner that her accomplice had a gun, which was cocked and pointing at the victim, and the victim should "go." According to the victim, Chears appeared neither nervous nor surprised when she saw her accomplice brandish the gun. The victim testified that because Chears never attempted to hand over the cash, and with the pointing of the gun during the delayed cash-counting and Chears' lack of nervousness, the victim believed Chears "knew about the gun." The victim was

7.

able to retreat into his vehicle and speed away to safety, which the accomplice tried to impede. Thereafter, Chears and the accomplice entered her car and left the Kroger parking lot with the stolen television. The victim was able to locate Chears' vehicle on the road and take a cell phone picture of the getaway car and rear license plate.

{¶ 17} The investigating police officer also testified at trial. The officer described the investigation process that identified and connected Chears directly to the crimes, including the ownership of the getaway car and the recovery of the stolen television and a gun from her residence. Despite Chears' claims, the victim's testimony was corroborated by many sources obtained by the police officer, including the Kroger parking lot surveillance videos, two telephone calls by the officer to Chears, additional telephone records, license plate records, GPS mapping, social media posts, and physical evidence obtained from search warrants. Chears' cross-examination of the police officer at trial argued she was as surprised and scared as the victim when her accomplice brandished a gun at the victim during the transaction. From the officer's law enforcement experience and her investigation of Chears, "I don't get that impression from her." The officer also testified that Chears "was clearly the driver in this situation * * * she drove to the situation. Her co-defendant got out, used the gun, robbed [the victim], took the TV, and she let the co-defendant back in the car and took off."

{¶ 18} On appeal Chears only disputes the mens rea element, acting knowingly of the theft offense. "Knowingly" is defined by R.C. 2901.22(B) as, "A person acts

8.

knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." Relevant circumstantial evidence may be used to infer criminal intent for Chears' principal offenses. *State v. Baker*, 6th Dist. Wood No. WD-09-088, 2010-Ohio-4719, ¶ 24. Circumstantial evidence may also be used to infer a defendant acted knowingly, even if the result was not intended. *Id.* at ¶ 23. Chears' participation in her accomplice's criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed. *State v. Johnson*, 93 Ohio St.3d 240, 245, 754 N.E.2d 796 (2001).

{¶ 19} We reviewed the record and find some competent and credible evidence going to all the essential elements of the offenses of which the trial court judge convicted Chears. Despite Chears' assertions to the contrary, we do not find the jury clearly lost its way to create such a manifest miscarriage of justice as to require a new trial.

{¶ 20} Appellant/cross-appellee's assignment of error is not well-taken.

### III. Sentencing

{¶ 21} In support of appellee/cross-appellant's assignment of error, the prosecution argues the trial court committed reversible error by failing to sentence Chears to the mandatory three-year sentence enhancement pursuant to R.C. 2929.14(B)(1)(a)(ii) instead of the one-year sentence enhancement pursuant to R.C. 2929.14(B)(1)(a)(iii). The prosecution relies on *State v. Shepherd*, 8th Dist. Cuyahoga No. 99503, 2013-Ohio-

9.

4912, ¶ 5-7, to argue that R.C. 2929.14(B)(1)(b) requires the three-year mandatory sentence enhancement to subsume the one-year mandatory sentence enhancement when both are imposed for the same offense.

{¶ 22} The Eighth District Court of Appeals announced in *Shepherd*, "There was no discretion, and the state was not even in a position to elect which specification to proceed with sentencing on. The mandatory three-year sentence necessarily subsumes the mandatory one-year sentence." *Id.* at ¶ 6. In that case, the offender was convicted of two counts of felonious assault and both contained one-year and three-year firearm specifications. *Id.* at ¶ 2. At sentencing the trial court merged the counts, merged the one-year firearm specification into the three-year firearm specification and, in addition to the sentence for the underlying felony, sentenced the offender to the mandatory three years for the firearm specification. *Id.* The offender appealed the sentence and argued the state was required to elect the specification on which the trial court should impose the sentence because "the trial court was not authorized to unilaterally choose." *Id.* at ¶ 5. The court of appeals disagreed with that argument and simply pronounced, "Shepherd was found guilty of felonious assault with firearm specifications that carry both one- and three-year *mandatory* prison sentences. Accordingly, the trial court was required pursuant to R.C. 2929.14(B)(1)(a)(ii) to impose the mandatory penalty of three years." (Emphasis sic.) *Id.* at ¶ 6.

10.

**{¶ 23}** In response, Chears argues trial courts have the discretion to select between sentence enhancements when both apply to the same offense. Chears points to another decision from the Eighth District Court of Appeals where the court pronounced, "As the trial court imposed both a one-year and a three-year mandatory prison term for each of the three offenses, appellant's sentence for these gun specifications was error. Either the one-year sentence pursuant to R.C. 2941.141 or the three-year term under R.C. 2941.145 may be imposed for the same count." *State v. Marshall*, 8th Dist. Cuyahoga No. 73522, 1999 WL 126138, *4 (Feb. 25, 1999). *Accord State v. Freeman*, 8th Dist. Cuyahoga No. 106363, 2018-Ohio-2936, ¶ 7. *Accord State v. Williamson*, 6th Dist. Wood No. WD-18-049, 2019-Ohio-4380, ¶ 66, citing *State v. Ellis*, 6th Dist. Wood Nos. WD-15-035, WD-17-036, 2019-Ohio-427, ¶ 17 and *Freeman* at ¶ 7. Chears also points to the First District Court of Appeals where the court pronounced, "But if a court imposes the one-year mandatory prison term under R.C. 2929.14(D)(1)(a), it cannot also impose the three-year mandatory term on the offender under that division relative to the same felony. [R.C. 2941.145(B)]" and vice-versa. *State v. Dixson*, 1st Dist. Hamilton No. C-030227, 2004-Ohio-2575, ¶ 38.

**{¶ 24}** Because the prosecution essentially argues the trial court's sentence is contrary to law, we find this cross-appeal was filed pursuant to R.C. 2953.08(B)(2). In reviewing the prosecution's cross-appeal under R.C. 2953.08(B), we may increase, reduce, or modify a sentence or vacate a sentence and remand for resentencing if we

11.

clearly and convincingly find "that the sentence is otherwise contrary to law." R.C.

2953.08(G)(2)(b). "Clear and convincing evidence is that measure or degree of proof

which will produce in the mind of the trier of facts a firm belief or conviction as to the

allegations sought to be established. * * * It does not mean clear and *unequivocal*."

(Emphasis sic.) *Cross v. Ledford*, 161 Ohio St. 469, 477, 120 N.E.2d 118 (1954).

{¶ 25} We begin with the pronouncement that all criminal offenses and penalties

for those offense are statutory in Ohio. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-

765, 945 N.E.2d 498, ¶ 10. "We construe a statute to determine the legislative intent,

looking to the language used and the purpose to be accomplished." *Amalgamated Transit

Union, AFL-CIO, Local 697 v. Toledo Area Regional Transit Auth.*, 2020-Ohio-6655,

164 N.E.3d 569, ¶ 13 (6th Dist.). Unambiguous and definite statutory language must be

applied as written. *Id.* We will avoid interpreting statutory provisions in a manner to

render its language unnecessary or meaningless or inoperative. *New Riegel Local School

Dist. Bd. of Education v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164,

2019-Ohio-2851, 133 N.E.3d 482, ¶ 29, citing *State v. Moore*, 154 Ohio St.3d 94, 2018-

Ohio-3237, 111 N.E.3d 1146, ¶ 13. We presume that the General Assembly enacted a

statute intending a just and reasonable result. *State v. White*, 142 Ohio St.3d 277, 2015-

Ohio-492, 29 N.E.3d 939, ¶ 29, citing R.C. 1.47(C). Our duty is to give effect to the

words actually used in the statute and not to delete words used or to insert words not

used. *A.S. v. J.W.*, 157 Ohio St.3d 47, 2019-Ohio-2473, 131 N.E.3d 44, ¶ 14.

12.

{¶ 26} "'The purpose of a firearm specification is to enhance the punishment of criminals who voluntarily introduce a firearm while committing an offense and to deter criminals from using firearms.'" *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, 29 N.E.3d 939, ¶ 31. A firearm specification is contingent upon an applicable underlying felony conviction and certain findings regarding the use of a firearm. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 16 ("We hold that R.C. 2941.145 and 2929.14(D) define sentence enhancement that attaches to a predicate offense."). The sentence enhancement provisions of R.C. 2941.141 and 2941.145 both appear in Chapter 2941 of the Ohio Revised Code, which addresses the required content of an indictment, not any definition of a criminal offense. *Id.* at ¶ 18. Firearm specifications are sentence enhancements and not separate criminal offenses. *Id.* at ¶ 19. These sentence enhancements do not merge with the underlying felony at sentencing. *Id.*

{¶ 27} We first review the sentence enhancement statute for the one-year firearm specification. R.C. 2941.141(A) states, "Imposition of a one-year mandatory prison term upon an offender under [R.C. 2929.14(B)(1)(a)(iii)] is precluded unless the indictment * * * specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense." The record shows the indictment satisfied the statute with the following language: "Felicia A. Chars had a firearm on or about her person or under her control while committing the offense."

{¶ 28} We next review the statute for the three-year firearm specification. R.C. 2941.145(A) states, "Imposition of a three-year mandatory prison term upon an offender under [R.C. 2929.14(B)(1)(a)(ii)] is precluded unless the indictment * * * specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." The record shows the indictment satisfied the statute with the following language: "Felicia A. Chars had a firearm on or about her person or under her control while committing the offense and displayed the firearm, brandished the firearm, indicated that she possessed the firearm, or used it to facilitate the offense."

{¶ 29} The Ohio Supreme Court explains these firearm specifications:

> Ohio law allows for the additional punishment of an offender when a firearm is involved in the offense. R.C. 2929.14(B). This is accomplished through a "specification," which must be set forth in the indictment for the underlying felony. *See, e.g.*, R.C. 2941.141. For example, an offender who had a firearm on his person or under his control while committing the offense is subject to a one-year prison term for the specification. *Id.*; R.C. 2929.14(B)(1)(a)(iii). An offender who displays, brandishes, or uses the firearm to facilitate the underlying offense is subject to an additional three-year prison term. R.C. 2941.145; R.C. 2929.14(B)(1)(a)(ii). A sentence for

14.

a specification must be served consecutively to and prior to any sentence for the underlying felony offense. R.C. 2929.14(C)(1)(a). The prison term for the firearm specification is mandatory. R.C. 2929.14(B)(1)(a).

*Moore*, 154 Ohio St.3d 94, 2018-Ohio-3237, 111 N.E.3d 1146, at ¶ 8-9.

{¶ 30} Neither party disputes that Chears was convicted of a single felony, aggravated robbery, to which both firearm specifications attached. As a result, the sentencing provisions under R.C. 2929.14(B)(1)(b) and (g) for multiple felony offenses do not apply in this matter. *State v. Welninski*, 2018-Ohio-778, 108 N.E.3d 185, ¶ 101 (6th Dist.). In light of that undisputed fact, we find little support for the prosecution's interpretation that R.C. 2941.141 is subsumed by R.C. 2941.145 and, therefore, the trial court was required, where the offender is convicted under both statutes, to impose the three-year sentence enhancement pursuant to R.C. 2941.145 and prohibited from imposing the one-year sentence enhancement pursuant to R.C. 2941.141.

{¶ 31} Here, the trial court's sentencing judgment entry stated it imposed the one-year sentence enhancement under R.C. 2941.141(A), which precluded the imposition of the three-year sentence enhancement under R.C. 2941.145(A) pursuant to R.C. 2941.145(B). R.C. 2941.145(B) states, "Imposition of a three-year mandatory prison term upon an offender under [R.C. 2929.14(B)(1)(a)(ii)] *is precluded if a court imposes a one-year*, eighteen-month, six-year, fifty-four-month, or nine-year mandatory prison term

15.

on the offender under [R.C. 2929.14(B)(1)(a)(i), (iii), (iv), (v), or (vi)] relative to the same felony." (Emphasis added.)

{¶ 32} There is no statutory language under either R.C. 2941.141(B) or R.C. 2941.145(B) to automatically elevate or subsume one sentence enhancement over another or over all others by operation of the statute rather than by the trial court's determination.

{¶ 33} We find the statutory language of R.C. 2941.145(B) is unambiguous in its anticipation that while an offender could be concurrently convicted of more than one of the array of firearm sentencing enhancements under R.C. 2929.14(B)(1)(a)(i) to (vi) for the same underlying offense, a trial court may only select one sentence enhancement to the preclusion of all others. Contrary to the prosecution's urging, the statute does not state that the three-year sentence enhancement automatically subsumes all lesser duration sentence enhancements, i.e. one year and eighteen months, leaving the trial court no discretion to select among the applicable options.

{¶ 34} A review of R.C. 2941.141(B) reveals a mirror of the foregoing preclusion language: "Imposition of a one-year mandatory prison term upon an offender under [R.C. 2929.14(B)(1)(a)(iii)] *is precluded if a court imposes* an eighteen-month, *three-year*, six-year, fifty-four-month, or nine-year mandatory prison term on the offender under [R.C. 2929.14(B)(1)(a)(i), (ii), (iv), (v), or (vi)] relative to the same felony." (Emphasis added.) Again, contrary to the prosecution's urging, the statute does not state that the one-year sentence enhancement is automatically subsumed by a longer duration sentence

enhancement; rather, the statute states the one-year sentence enhancement is precluded if any other one of the listed sentence enhancements is imposed.

{¶ 35} This court recognizes a trial court commits no error when imposing a firearm specification sentence enhancement where there is evidence of the appropriate statutory notice in the indictment against the offender. *State v. Allen*, 6th Dist. Lucas No. L-14-1078, 2016-Ohio-2742, ¶ 31-32. We previously determined the indictment satisfied both firearm specifications.

{¶ 36} Our determination is not altered by a review of R.C. 2929.14(B)(1)(a)(iii), which is referenced by R.C. 2941.141(A):

> Except as provided in [R.C. 2929.14(B)(1)(e)], if an offender who is convicted of * * * a felony also is convicted of * * * a specification of the type described in section 2941.141, 2941.144, or 2941.145 of the Revised Code, the court shall impose on the offender one of the following prison terms: * * * (iii) A prison term of one year if the specification is of the type described in [R.C. 2941.141(A)] that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense.

We find the statutory language of R.C. 2929.14(B)(1)(a)(iii) is unambiguous in mandating a one-year prison term where the offender is convicted of a felony and of a R.C. 2941.141(A) firearm specification.

17.

{¶ 37} Nevertheless, the prosecution urges us to find equally unambiguous the statutory language of R.C. 2929.14(B)(1)(a)(ii):

> Except as provided in [R.C. 2929.14(B)(1)(e)], if an offender who is convicted of * * * a felony also is convicted of * * * a specification of the type described in section 2941.141, 2941.144, or 2941.145 of the Revised Code, the court shall impose on the offender one of the following prison terms: * * * (ii) A prison term of three years if the specification is of the type described in [R.C. 2941.145(A)] that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense.

We agree and find the statutory language of R.C. 2929.14(B)(1)(a)(ii) is unambiguous in mandating a three-year prison term where the offender is convicted of a felony and of a R.C. 2941.145(A) firearm specification.

{¶ 38} Our findings are entirely consistent with each other and do not compel the outcome the prosecution seeks. Although the trial court was statutorily mandated to impose both a one-year and a three-year sentence enhancement, those concurrent mandates were anticipated by both R.C. 2941.141(B) and 2941.145(B), and in each instance, the legislature merely guides the trial court to select one to the preclusion of the

18.

other. Again, the legislature did not insert any statutory language under either R.C. 2941.141(B) or R.C. 2941.145(B) to elevate the three-year sentence enhancement over the one-year sentence enhancement or to automatically except the one-year sentence enhancement in light of the three-year sentence enhancement. *See Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 29 (where a statute does not contain an exception, we may not read one into the statute by implication).

{¶ 39} We reviewed the entire record and do not find any trial court error when the trial court imposed a one-year sentence enhancement pursuant to R.C. 2941.141(A) and not impose a three-year sentence enhancement because doing so was precluded pursuant to R.C. 2941.141(B).

{¶ 40} Appellee/cross-appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 41} On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Wood County Court of Common Pleas is affirmed. Appellant/cross-appellee and appellee/cross-appellant are ordered to equally pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.     _____
               JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, J.      _____
CONCUR.             JUDGE


            _____
             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.