[Cite as *State v. Freeman*, 2018-Ohio-2936.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106363

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### MAURICE FREEMAN

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-01-410924-ZA

**BEFORE:** Stewart, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 26, 2018

**FOR APPELLANT**

Maurice Freeman, pro se
Inmate No. 431957
Marion Correctional Institution
P.O. Box 1812
Marion, OH 43301


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Katherine Mullin
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, P.J.:

{¶1} Defendant-appellant Maurice Freeman, appearing pro se, appeals the trial court's denial of his motion to "correct clerical error * * * and correct sentence." We find no error as Freeman's claims are barred by the doctrine of res judicata, are moot, and have no merit.

{¶2} In 2001, a jury found Freeman guilty of aggravated murder with one- and three-year firearm specifications. Separately, the trial court found him guilty of having weapons while under disability. The court sentenced Freeman to a term of 20 years to life in prison for the aggravated murder, to be served subsequent and consecutive to the three-year firearm specification. The court sentenced Freeman to one year for having weapons while under disability, to be served concurrent with his aggravated murder term. On direct appeal, this court affirmed his sentence of 23 years to life in prison. *State v. Freeman*, 8th Dist. Cuyahoga No. 80720, 2002-Ohio-4572.

{¶3} In the intervening years, Freeman has filed over 25 motions related to this case. The denial of the most recent motion forms the basis of this appeal. Freeman raises three interrelated assignments of error, challenging his sentence regarding the firearm specifications. The gravamen of Freeman's complaint is that the court erred because it did not impose a sentence for his one-year firearm specification. In light of this claimed error, Freeman also complains that the court failed to correctly journalize his sentence to reflect the additional one-year sentence, and that it failed to correct this error.

{¶4} Although we find no merit to his arguments, Freeman could have challenged his sentence on this basis on direct appeal. He failed to do so. *See id.* This subsequent attempt is barred by the doctrine of res judicata. *See State v. Saxon*, 109 Ohio St.3d 176,

2006-Ohio-1245, 846 N.E.2d 824, ¶ 17-18 ("[Res judicata] serves to preclude a defendant who has had his day in court from seeking a second on that same issue.").

{¶5} Even if Freeman's challenges to his sentence were not barred, they are nevertheless moot. Review of the record shows that at sentencing, and as directed by R.C. 2941.145, the trial court ordered Freeman to serve his three-year term for the firearm specification "prior to and consecutive to" his aggravated murder sentence. As such, Freeman completely served his sentence for the firearm specification well over a decade ago. Freeman's challenges to his sentence for the specification became moot after he completed the term. *See State v. Bostic*, 8th Dist. Cuyahoga No. 84842, 2005-Ohio-2184, ¶ 21 ("Any appeal of a sentence already served is moot.").

{¶6} Regardless of being barred as res judicata and moot, Freeman's claims are also meritless. Freeman incorrectly asserts that the court failed to order the sentence for his specification be served prior to and consecutive to the underlying offense. As stated above, this is exactly what the court ordered.

{¶7} Freeman erroneously argues that R.C. 2929.14 required the court to impose consecutive sentences for both specifications. To the contrary, because both specifications were attached to the same underlying count, by imposing a sentence for the three-year specification, the court was statutorily precluded from imposing a sentence for the one-year specification. *See* R.C. 2941.141(B); *see State v. Marshall*, 8th Dist. Cuyahoga No. 73522, 1999 Ohio App. LEXIS 617, 10 (Feb. 25, 1999) ("Either the one-year sentence pursuant to R.C. 2941.141 or the three-year term under R.C. 2941.145 may be imposed for the same count.").

{¶8} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR