[Cite as *State v. Ellis*, 2019-Ohio-427.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals Nos. WD-17-035
                                                                                              WD-17-036
            Appellee

                                                                Trial Court Nos. 2016CR0148
v.                                                                                    2016CR0309

Edward A. Ellis, Jr.                            **DECISION AND JUDGMENT**

            Appellant                            Decided:  February 8, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Patrick T. Clark,
Assistant State Public Defender, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is a consolidated appeal from the judgments of the Wood County Court

of Common Pleas, convicting appellant, Edward Ellis, Jr., of one count of attempted

murder with two firearm specifications and a forfeiture specification, one count of having

weapons under disability, one count of violating a protection order, one count of carrying a concealed weapon, and one count of receiving stolen property, and sentencing him to a combined prison term of 20 years and 4 months. For the reasons that follow, we reverse, in part, and affirm, in part.

## I. Facts and Procedural Background

{¶ 2} On April 7, 2016, the Wood County Grand Jury entered a five-count indictment against appellant in case No. 2016CR0148. The first count charged appellant with one count of attempted murder in violation of R.C. 2903.02 and R.C. 2923.02, a felony of the first degree, along with a one-year firearm specification pursuant to R.C. 2941.141(A), a three-year firearm specification pursuant to R.C. 2941.145(A), and a forfeiture specification pursuant to R.C. 2941.1417(A). The second count charged appellant with having a weapon under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree, along with a one-year firearm specification pursuant to R.C. 2941.141(A), a three-year firearm specification pursuant to R.C. 2941.145(A), and a forfeiture specification pursuant to R.C. 2941.1417(A). Count Three charged appellant with violating a protection order in violation of R.C. 2919.27(A)(1), a misdemeanor of the first degree. Count Four charged appellant with carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree, along with a three-year firearm specification pursuant to R.C. 2941.145(A). Finally, the fifth count charged appellant with receiving stolen property in violation of R.C. 2913.51(A), a felony of the fourth degree.

2.

{¶ 3} Thereafter, on July 7, 2016, the Wood County Grand Jury separately indicted appellant in case No. 2016CR0309 on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, along with a one-year firearm specification pursuant to R.C. 2941.141(A), a three-year firearm specification pursuant to R.C. 2941.145(A), and a forfeiture specification pursuant to R.C. 2941.1417(A).

{¶ 4} Both of the indictments stemmed from appellant's conduct on or about March 23, 2016, wherein he shot his ex-wife multiple times with a .32 caliber revolver that he purchased illegally.

{¶ 5} The matter proceeded to a three-day jury trial on May 10-12, 2017. The jury returned with a verdict of guilty on all counts.

{¶ 6} Following the trial, the trial court sentenced appellant to 11 years in prison on the count of attempted murder, with the corresponding one-year and three-year firearm specifications for an aggregate sentence of 15 years in prison on Count One. On the count of having weapons under disability, the trial court sentenced appellant to 30 months in prison. The court further found that the firearm specifications attached to Count Two merged with those in Count One. On the misdemeanor count of violating a protection order, the trial court ordered appellant to serve 180 days in the Wood County Justice Center, and ordered those days to be served concurrently to appellant's felony sentences. On the count of carrying a concealed weapon, the trial court ordered appellant to serve 17 months in prison. The court also found that the firearm specification attached to Count Four merged with those attached to Count One. On the count of receiving

3.

stolen property, the trial court ordered appellant to serve a prison term of 17 months. The trial court then ordered that the prison terms imposed in Counts One, Two, Four, and Five shall be served consecutively, for a total prison term of 20 years and 4 months. Finally, in case No. 2016CR0309, the trial court found that the count of felonious assault merged with the count of attempted murder in case No. 2016CR0148.

## II. Assignments of Error

{¶ 7} Appellant has timely appealed his judgments of conviction, and now asserts two assignments of error for our review:

1. The trial court erred when it entered a conviction against Mr. Ellis for fourth-degree felony receiving stolen property after it failed to provide the jury with a verdict form that identified the degree of the offense or the aggravating element that the stolen property was a firearm.

2. The trial court's sentence including firearm specifications on Count 2 and Count 4 of Case No. 2016CR0148 was contrary to law.

## III. Analysis

{¶ 8} In his first assignment of error, appellant argues that the trial court improperly convicted him of fourth-degree felony receiving stolen property because the jury verdict form did not include the aggravating element that the stolen property was a firearm. The state concedes that the trial court erred on this point.

{¶ 9} R.C. 2945.75(A)(2) provides, "A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or

elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." "Pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, syllabus.

{¶ 10} Here, R.C. 2913.51(C) states, in relevant part, that receiving stolen property is a misdemeanor of the first degree, unless the property involved is a firearm or dangerous ordnance, in which case it is a felony of the fourth degree. However, the jury verdict form in this case states simply, "We, the jury, duly empaneled, find the Defendant, Edward Ellis, GUILTY of the offense of Receiving Stolen Property, as described in R.C. 2913.51(A) and 2913.51(C)." Therefore, because the jury verdict form does not state that the offense is a felony of the fourth degree, nor does it include a statement finding the aggravating element that the property was a firearm, appellant can only be guilty of receiving stolen property as a first degree misdemeanor.

{¶ 11} Accordingly, appellant's first assignment of error is well-taken.

{¶ 12} In his second assignment of error, appellant argues that the trial court improperly failed to dismiss the firearm specifications attached to Count Four (carrying a concealed weapon) and Count Two (having a weapon under disability). The state agrees that the firearm specifications should not have been part of the sentence for those counts.

5.

**{¶ 13}** We review felony sentences under the two-pronged approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court "may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * * if it clearly and convincingly finds: * * * (b) That the sentence is otherwise contrary to law."

**{¶ 14}** R.C. 2929.14(B)(1)(e) provides that the trial court shall not impose any of the prison terms for the firearm specifications described in R.C. 2929.14(B)(1)(a) upon an offender for a violation of R.C. 2923.12 (carrying a concealed weapon). In addition, a prison term for a firearm specification shall not be imposed upon an offender for a violation of R.C. 2923.13 (having a weapon under disability) unless the offender previously has been convicted of aggravated murder, murder, or any first or second degree felony, and less than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense. The state concedes that those circumstances are not present in this case.

**{¶ 15}** Nevertheless, we hold that the trial court did not commit reversible error. Here, the trial court did not impose prison terms for the firearm specifications attached to Counts Four and Two, as the court found that those specifications merged with the firearm specifications attached to Count One. Therefore, appellant's sentence was not contrary to R.C. 2929.14(B)(1)(e).

**{¶ 16}** Accordingly, appellant's second assignment of error is not well-taken.

6.

{¶ 17} Finally, our review of appellant's sentence has uncovered an error by the trial court that was not raised by the parties, but which we will now address sua sponte. Under Count One, the trial court imposed both the one-year firearm specification pursuant to R.C. 2941.141 and R.C. 2929.14(B)(1)(a)(iii), and the three-year firearm specification pursuant to R.C. 2941.145 and R.C. 2929.14(B)(1)(a)(ii). However, R.C. 2941.141(B) provides that "Imposition of a one-year mandatory prison term upon an offender under division (B)(1)(a)(iii) of section 2929.14 of the Revised Code is precluded if a court imposes [a] * * * three-year * * * mandatory prison term on the offender under division (B)(1)(a) * * * (ii) * * * of that section relative to the same felony." Thus, because the trial court imposed the three-year firearm specification, it was statutorily precluded from also imposing the one-year firearm specification on the same count. *State v. Freeman*, 8th Dist. Cuyahoga No. 106363, 2018-Ohio-2936, ¶ 7.

## IV. Conclusion

{¶ 18} For the foregoing reasons, we find that substantial justice has not been done the party complaining and the judgments of the Wood County Court of Common Pleas are reversed, in part, and affirmed, in part. Pursuant to our authority in App.R. 12(A)(1)(a), we hereby modify the trial court's judgment in case No. 2016CR0148 to reflect that appellant's conviction for receiving stolen property under Count Five is for a misdemeanor of the first degree. We further modify appellant's sentence under Count Five, and order him to serve 180 days in the Wood County Justice Center, with those days ordered to be served concurrently with his felony sentences. In addition, we modify

7.

appellant's sentence to remove the trial court's imposition of "three (3) years optional

Post Release Control" on Count Five. Finally, we hereby modify appellant's sentence

under Count One to remove the one-year firearm specification imposed pursuant to R.C.

2941.141(A). All other aspects of appellant's convictions are affirmed. Accordingly,

appellant's new cumulative prison term is 17 years and 11 months.[1] Costs of this appeal

are to be split evenly between the parties pursuant to App.R. 24.

Judgment affirmed, in
part, and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.        _____

                                                                    JUDGE

Thomas J. Osowik, J.

                                                _____

Christine E. Mayle, P.J.                                        JUDGE
CONCUR.

                                                                    _____

                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

---

[1] Count One: 11 years plus the three-year firearm specification. Count Two: Two years and six months (30 months). Count Four: One year and five months (17 months).

8.