[Cite as *State v. Juan*, 2020-Ohio-1245.]

IN THE COURT OF APPEALS OF OHIO

TENINTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-496 |
| v. | : | (C.P.C. No. 16CR-4807) |
| Juan A. Stewart, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 31, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee. **Argued:** *Barbara A. Farnbacher.*

**On brief:** *William T. Cramer*, for appellant. **Argued:** *William T. Cramer.*

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1}  Defendant-appellant, Juan A. Stewart, appeals a judgment of the Franklin County Court of Common Pleas entered on May 23, 2018, finding him guilty of having a weapon while under disability with a three-year firearm specification and sentencing him to serve five years in prison.

{¶ 2}  On September 1, 2016, a Franklin County Grand Jury indicted appellant for murder, felony murder, and having a weapon while under disability in relation to the shooting death of Edward Williams. Related to both murder counts, the indictment alleged repeat violent offender specifications, and for all three counts, the indictment alleged firearm specifications.

{¶ 3}  Appellant waived his right to be tried by a jury as to the weapon under disability offense and related firearm specification. He also waived his right to a jury as to

the repeat violent offender specifications, but those specifications were not ultimately decided and are not relevant to this appeal. A jury trial began on the murder charges and related specifications on May 14, 2018. The jury trial ended on May 21, 2018 with a hung jury on both murder counts. Therefore, the trial court declared a mistrial. The trial court then heard arguments on the weapon under disability count and related gun specification. Based on the evidence presented at trial, the trial court found appellant guilty of the weapon under disability count and related firearm specification and made the finding that appellant had used, possessed, and brandished the firearm the night of the shooting.

{¶ 4} The trial court proceeded immediately to sentencing. The defense argued the trial court should not sentence consecutively on the weapon under disability offense and the firearm specification; the prosecution argued that consecutive sentencing on the offense and specification was legally required. Initially, the defense also offered argument that the firearm specification was not related to the weapon under disability offense but then withdrew that argument after taking a moment to review the indictment. The defense did not, however, withdraw its argument that the specification was not to be sentenced consecutively to the weapon under disability offense. Neither the prosecution nor the defense explained the legal reasoning for why the sentences for the offense and specification must or must not be consecutively served.

{¶ 5} During trial, defense stipulated "that on or about September 16, 2011, in Franklin County Court of Common Pleas, General Division, Franklin County, Ohio, Juan Antonio Stewart was convicted in a plea of guilty to felonious assault in violation of 2903.11 of the Revised Code." (Tr. Vol. II at 431.) Based on appellant's stipulated criminal history and the trial court finding appellant was guilty of the weapon under disability count of the indictment and related gun specification, the trial court sentenced appellant to serve two years on the weapon under disability offense and imposed a consecutive three-year sentence on the specification, for a total prison term of five years. The judgment entry was subsequently "amended" to reflect that the sentencing was held on May 22, rather than May 21, 2018. Appellant appeals the judgment, asserting the following two assignments of error:

> [I.] The trial court imposed a sentence that is unsupported by the record and contrary to law in violation of R.C. 2929.14(B)(1)(e) by sentencing appellant for a firearm use

specification attached to a weapons under disability charge absent evidence that the defendant was previously convicted of at least a second-degree felony and that less than five years had passed since the offender was released from prison or post-release control for the prior offense.

[II.] Appellants right to the effective assistance of counsel under the state and federal constitutions was violated when counsel failed to challenge the imposition of a firearm use specification attached to a weapons under disability charge in violation of R.C. 2929.14(B)(1)(e).

{¶ 6} Appellant argues in his first assignment of error the trial court imposed a sentence that is unsupported by the record and in violation of R.C. 2929.14(B)(1)(e) when it sentenced him for the firearm use specification attached to the weapon under disability charge absent evidence that he was previously convicted of at least a second-degree felony and that less than five years had passed since he was released from prison or post-release control for the prior offense. The Ohio Revised Code prohibits a court from imposing an additional prison term for a firearm specification under R.C. 2941.145(A) with respect to persons convicted of possessing a weapon under disability unless both of the following are true:

(i) The offender previously has been convicted of aggravated murder, murder, or any felony of the first or second degree.

(ii) Less than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense.

R.C. 2929.14(B)(1)(e)(i) and (ii); *see also* 2929.14(B)(1)(a)(ii); 2941.145(A).

{¶ 7} We first note that appellant failed to raise the present issues before the trial court. Pursuant to Crim.R. 52(B), failure to raise these issues in the trial court waives all but plain error. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *Id.* "To prevail [on a plain-error analysis], appellant must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 52. The Supreme Court of Ohio has interpreted "substantial rights" to mean that the "error must have affected the outcome of the trial" or proceeding. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "The power afforded to notice plain error, whether on a court's own

motion or at the request of counsel, is one which courts exercise only in exceptional circumstances, and exercise cautiously even then." *State v. Long*, 53 Ohio St.2d 91, 94 (1978).

{¶ 8} Upon review, we find that appellant has failed to show that the court committed any error, much less plain error, under R.C. 2929.14(B)(1)(e). With regard to R.C. 2929.14(B)(1)(e)(i), appellant stipulated "that on or about September 16, 2011, in Franklin County Court of Common Pleas, General Division, Franklin County, Ohio, Juan Antonio Stewart was convicted in a plea of guilty to felonious assault in violation of 2903.11 of the Revised Code." (Tr. Vol. II at 431.) Felonious assault can be a first or a second-degree felony depending on the nature of the assault and the victim. R.C. 2903.11. Thus, R.C. 2929.14(B)(1)(e)(i) was clearly satisfied.

{¶ 9} We begin our analysis of R.C. 2929.14(B)(1)(e)(ii) by recognizing that, depending on the degree of the offense, a person found guilty of felonious assault is subject to a prison term of 2 to 11 years followed by a 3 or 5-year period of post-release control. R.C. 2929.14(A)(1) and (2), and 2967.28(B)(1) and (2). In this case, we take judicial notice, *see Stancourt v. Worthington City School Dist. Bd. of Edn.*, 164 Ohio App.3d 184, 2005-Ohio-5702, ¶ 14 (10th Dist.), fn.3 (an appellate court may take judicial notice of a court's finding in another case), that appellant was sentenced on September 16, 2011 in the Franklin C.P. No. 10CR-5213, to serve 2 years of imprisonment followed by a 3-year term of post-release control. We also take judicial notice of the fact that appellant was granted judicial release on September 25, 2012 and that five years of community control were imposed. Finally, we judicially notice that the period of community control was terminated (albeit unsuccessfully) on May 3, 2016. On May 22, 2018, appellant was sentenced in this case.

{¶ 10} The offense at issue in the present case was committed on January 20, 2015. Therefore, appellant committed the current offense within five years of being released from prison in 2012. Although appellant argues the date of sentencing for the current offense is the dispositive date in applying R.C. 2929.14(B)(1)(e)(ii), we find the date of the commission of the current offense is the proper date to use. Initally, the Eighth District Court of Appeals came to the same conclusion in *State v. Wiley*, 8th Dist. No. 107417, 2019-Ohio-3092 (finding R.C. 2929.14(B)(1)(e)(ii) was satisfied when it was clear the defendant was under the supervision of the Ohio Adult Parole Authority at the time of the crimes and

arrest). Furthermore, the date of the commission of the current offense is also the more logical date to use for purposes of R.C. 2929.14(B)(1)(e)(ii) for several reasons. First, in enacting the statute, the General Assembly would be concerned about the span of time between the release from prison or post-release control and the subsequent use of a firearm; not the span of time between the release from prison or post-release control and the sentencing for the use of a firearm. Certainly, the General Assembly sought to prevent the use of a firearm within a specific period after being released from prison or post-release control and using the date of sentencing for the use of a firearm as the operative date would not serve as a deterrent. Second, as the State of Ohio, plaintiff-appellee, points out, the firearm specification must be alleged in the indictment, which supports the conclusion that the date of sentencing must be irrelevant for determining whether the specification applies. If the date of sentencing was the operative date, it would be impossible to know that date at the time of indictment. Third, the use of the date of sentencing as the operative date would be procedurally problematic. If the date of sentencing were the pertinent date, a defendant could thwart the imposition of the specification by continuing the sentencing date for the conviction until after the expiration of the five-year period in R.C. 2929.14(B)(1)(e)(ii). For all of these reasons, we reject appellant's argument that the date of sentencing for the current offense is the dispositive date in applying R.C. 2929.14(B)(1)(e)(ii) and, instead, find that the relevant date is the date of the current offense. Therefore, we conclude the trial court properly sentenced appellant for the firearm specification attached to the weapon under disability charge because he was previously convicted of at least a second-degree felony and less than five years had passed between the time he was released from prison or post-release control for the prior offense and the commission of the current offense. We overrule appellant's first assignment of error.

{¶ 11} Appellant argues in his second assignment of error that his right to effective assistance of counsel under the state and federal constitutions was violated when counsel failed to challenge the imposition of the firearm specification attached to the weapon under disability charge in violation of R.C. 2929.14(B)(1)(e). Appellant must satisfy a two-prong test to prevail on a claim of ineffective assistance of counsel. First, he must demonstrate that his trial counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-42 (1989). Second, he must establish that the deficient performance prejudiced his defense. *Strickland* at 687; *Bradley* at 141-

42. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at paragraph three of the syllabus. In considering claims of ineffective assistance of counsel, we indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland* at 689; *Bradley* at 142. "Decisions on trial strategy and tactics are generally afforded a wide latitude of professional judgment, and it is not the duty of a reviewing court to analyze trial counsel's legal tactics and maneuvers." *State v. Phillips*, 10th Dist. No. 14AP-79, 2014-Ohio-5162, ¶ 86.

{¶ 12} Here, appellant asserts that, at sentencing, in arguing the two counts merged and should run concurrently, his counsel admitted "I haven't had time to review [the indictment]." After reviewing the indictment, defense counsel asked the court to strike part of his argument, after which, the trial court imposed a 2-year sentence on the weapon under disability count and a 3-year sentence for the firearm specification, to be served consecutively. Appellant asserts his counsel performed ineffectively by failing to review the indictment prior to trial, failing to understand that the firearm specification was attached to the weapon under disability count, and failing to challenge the firearm specification under R.C. 2929.14(B)(1)(e). Appellant claims there existed prejudice here because the record contains no evidence that 5 years had passed between his release from prison and his sentence on the current weapon under disability charge, in satisfaction of R.C. 2929.14(B)(1)(e).

{¶ 13} However, appellant cannot demonstrate ineffective assistance of counsel. Initially, although appellant would read his counsel's statement, "I haven't had time to review [the indictment]," as meaning he never read it prior to trial, a more reasonable and believable interpretation of the statement is that his counsel had merely forgotten the details of the indictment while arguing the merger issue after a multi-day trial that resulted in a hung jury on the most serious charges. It is apparent from the transcript that the trial court's decision to hold a sentencing hearing immediately after the conclusion of the murder trial resulted in neither side having additional time to prepare specifically for the sentencing hearing. Thus, we find appellant's argument, in this respect, without merit.

{¶ 14} With regard to appellant's argument that his counsel failed to challenge the imposition of the firearm specification attached to the weapon under disability charge in violation of R.C. 2929.14(B)(1)(e), his argument is based on the same argument underlying his first assignment of error; that is, the record contains no evidence that 5 years had passed between his release from prison and his sentence on the new weapon under disability charge, in satisfaction of R.C. 2929.14(B)(1)(e). As we have already found above that the trial court properly sentenced appellant for the firearm specification attached to the weapon under disability charge because less than 5 years had passed between the time he was released from prison or post-release control for the prior offense and his commission of the subsequent offense, we must also reject appellant's current argument on the same basis, as raised in the context of an ineffective assistance of counsel claim. Therefore, we overrule appellant's second assignment of error.

{¶ 15} Accordingly, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and KLATT, J., concur.

_____