[Cite as *State v. Gray*, 2022-Ohio-2940.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 21CA6 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| Irwin A. Gray, | : | |
| | : | **RELEASED: 08/19/2022** |
| Defendant-Appellant. | : | |

<u>APPEARANCES:</u>

Eric J. Allen, Columbus, Ohio, Attorney for Appellant.

Nicole T. Coil, Prosecuting Attorney for Washington County Ohio, for Appellee.

Wilkin, J.

**{¶1}** Appellant, Irwin A. Gray ("Gray"), appeals the Washington County Court of Common Pleas judgment entry that imposed an agreed sentence of a minimum of nine years to a maximum of ten and one-half years in prison. Gray asserts that his trial counsel was ineffective in negotiating the plea, and more specifically the agreed sentence. After reviewing the parties' arguments, the record, and the applicable law, we overrule Gray's assignment of error and affirm the trial court's sentencing entry.

BACKGROUND

**{¶2}** On July 22, 2020, the state indicted Gray on five criminal counts including in pertinent part: (1) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and R.C. 2925.03(C)(1)(f), a first degree felony, with a major drug offender specification under R.C. 2941.1410(A), a one-year firearm specification

under R.C. 2941.141(A), and a three-year firearm specification under R.C. 2941.145(A); (2) trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2) and 2925.03(C)(9)(f), a first degree felony; (3) possession of a fentanyl-related compound in violation of R.C. 2925.11(A) and 2925.11(C)(11)(e), a first degree felony; (4) aggravated possession of drugs in violation of R.C. 2925.11(A) and 2925.11(C)(1)(e), a first degree felony; and (5) having weapons while under disability in violation of R.C. 2923.13(A)(1) and (B), a third degree felony, with a specification for forfeiture of a weapon under R.C. 2941.1417(A). Gray pleaded not guilty to all charges.

{¶3} On March 5, 2020, at Gray's final pretrial, the state communicated to the court that it had offered Gray a plea that would include a nine-year prison sentence for the case herein that would be served concurrent to another Guernsey County case and that no charges would be pursued in a West Virginia case. The state touted that it was a favorable sentence for a major drug offender.

{¶4} Counsel for the defendant claimed that such a plea could actually have a maximum sentence of 13 ½ years because of the Reagan Tokes Law. Gray refused the state's offer.

{¶5} Nevertheless, the state clarified that the plea offer to Gray would be to "structure a deal so there'd only be a year-and-a-half added on Reagan Tokes[.]" The state explained such a deal was possible because "if you did an F1 and then two other charges, and you had three, three, and three, ran them

consecutive to each other, and then the only F1, it would make it a year-and-a-half on top of it[.]"

{¶6} On March 26, 2021, the court held a change-of-plea hearing. During the hearing, the court discussed the maximum possible penalties for aggravated trafficking, the firearm specification, and having a weapon under a disability, but further explained: "that's not what's going to happen[.]" Gray pleaded guilty to aggravated trafficking which was enhanced by a three-year firearm specification, and having a weapon under a disability. In return, the state dismissed the remaining charges.

{¶7} On April 28, 2021, the court held a sentencing hearing. The court imposed a minimum three-year to maximum of four- and one-half-year prison term for aggravated trafficking in drugs with a three-year sentence enhancement for the firearm specification, and a three-year sentence for having a weapon while under a disability. All three sentences are to be served consecutively. Therefore, the court imposed a minimum of nine to a maximum of ten and one-half years in prison, consistent with the sentence structure described by the state during the March 5th hearing and the parties' agreed sentence.

{¶8} It is this sentencing entry that Gray appeals.

ASSIGNMENT OF ERROR

TRIAL COUNSEL WAS INEFFECTIVE PURSUANT TO THE TENENTS OF STRICKLAND V. WASHNGTON, 466 U.S. 668 AND ITS PROGENY, AS WELL AS THE FIFTH AND SIXTH AMENDMENTS TO THE FEDERAL CONSTITUTION FOR ENTERING INTO A JOINT AGREEMENT WHERE TWO OF THE CONVICTIONS WOULD NOT MERGE UNDER R.C. 2941.25

{¶9} Gray maintains that his counsel was ineffective for failing to argue that his sentence for the three-year firearm specification and his sentence for having a weapon under a disability should have merged under R.C. 2941.25. Gray claims his counsel should have relied on *State v. Williamson*, 6th Dist. Wood Nos. WD-20-023, WD-20-024, 2020-Ohio-5369 and presented an argument for merger.

{¶10} In response, the state argues that Gray waived his right to appeal his sentence because the parties reached an agreed sentence. The state maintains that R.C. 2953.08(D)(1) precludes an appeal of an agreed sentence if it is "authorized by law." The state quoting *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690 at ¶ 25, reiterates: "Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." Relying on *Porterfield*, the state maintains that because Gray agreed to the sentence herein, which was structured in his favor regarding the Reagan Tokes law, it was an agreed sentence authorized under the law, and therefore not subject to appeal under R.C. 2953.08(D)(1).

{¶11} The state also argues that Gray's counsel should not be found to be ineffective for negotiating a sentence that is favorable regarding the Reagan Tokes law. The state maintains that Gray's counsel's actions in negotiating Gray's sentence was neither deficient nor did it cause Gray prejudice, two requirements necessary to find ineffective assistance of counsel.

A.  Standard of Review

**{¶12}** "To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial." *State v. Jenkins*, 4th Dist. Ross No. 13CA3413, 2014-Ohio-3123, ¶ 15, citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Powell,* 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 85.  "Failure to establish either element is fatal to the claim." *State v. Jones,* 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14.

**{¶13}** " 'In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation.' "  *State v. Adams*, 2016-Ohio-7772, 84 N.E.3d 155 ¶ 89 (4th Dist.), quoting *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95.  When considering counsel's performance, " 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *State v. Walters*, 4th Dist. Washington Nos. 13CA33, 13CA36, 2014-Ohio-4966, ¶ 23, quoting *Strickland,* 466 U.S. at 689.  "Thus, 'the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' " *State v. Jarrell*, 2017-Ohio-520, 85 N.E.3d 175, ¶ 49 (4th Dist.), quoting *Strickland,* 466 U.S. at 689*.*

**{¶14}** " 'To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have

been different.' " *Adams* at ¶ 89, quoting *Conway,* 109 Ohio St.3d 412, at ¶ 95.

"A plea of guilty constitutes a complete admission of guilt * * * and waives the

right to claim that the accused was prejudiced by constitutionally ineffective

counsel, except to the extent the defects complained of caused the plea to be

less than knowing and voluntary." *State v. McCann*, 4th Dist. Lawrence No.

10CA12, 2011-Ohio-3339, ¶ 18, citing *State v. Floyd*, 4th Dist. No.

92CA2102*, 2011-Ohio-3339,* citing *State v. Barnett*, 73 Ohio App.3d 244, 248–

249, 596 N.E.2d 1101 (2d Dist.1991).

### B.  Analysis

**{¶15}** Gray's argument mixes two different legal concepts, merger of allied

offenses under R.C. 2941.25, and the application of R.C. 2929.14(B)(1)(e) as

found in *Williamson*.  For purposes of simplicity, we will address each

individually.

### 1. R.C. 2941.25

**{¶16}** R.C. 2941.25 provides that allied offenses of similar import must

merge for purposes of sentencing. *See State v. Ruff*, 143 Ohio St.3d 114, 2015-

Ohio-995, 34 N.E.3d 892.  However, the Supreme Court has also recognized that

a firearm specification, like in R.C. 2941.145(D), "is merely a sentence

enhancement, not a separate criminal offense." *State v. Ford*, 128 Ohio St. 3d

398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 17.  Consequently, because "R.C.

2941.25 requires the merger of two or more allied *offenses* of similar import," it

does not operate to merge a sentence enhancement for a firearm specification

with any underlying felony offense.  *Id*.  Therefore, Gray's argument that his

three-year sentence for the gun specification should have merged with one of his underlying felony sentences lacks merit because a sentence enhancement is not a criminal offense.

### 2. R.C. 2929.14(B)(1)(e)

**{¶17}** Gray also maintains that his trial counsel should have relied on *Williamson* and "created an argument for merger." However, as we noted infra, *Williamson* addresses R.C. 2929.14(B)(1)(e), not merger.

**{¶18}** Pursuant to a bench trial, the court in *Williamson* found the defendant guilty of multiple felonies and in pertinent part sentenced him to 18 months for having a weapon under a disability, which was enhanced with a one-year sentence for a firearm specification. *State v. Williamson*, 6th Dist. Wood Nos. WD-18-049, WD-18-051, 2019-Ohio-4380, ¶ 40 (*Williamson* I). The court of appeals vacated appellant's sentence and remanded the case for re-sentencing. *Williamson* I at ¶ 72.

**{¶19}** On remand the trial court again sentenced appellant for having a weapon while under a disability with a one-year sentence enhancement for a firearm specification. *State v. Williamson*, 6th Dist. Wood Nos. WD-20-023, WD-20-024, 2020-Ohio-5369, ¶ 2 (*Williamson* II). On appeal, the appellant asserted: "The trial court erred as a matter of law by sentencing appellant to a firearm specification attendant to a weapons under a disability charge." *Williamson* II at ¶ 2. More specifically he claimed that the trial court erred by imposing "a one-year prison term for a firearm specification attendant to the one count of having weapons-under-disability" because "the factors under R.C. 2929.14(B)(1)(e)(i)

and (ii) do not apply to appellant[.]" *Id.* The court of appeals agreed that the trial court erred in this regard, but held the error was harmless because the trial court ordered the sentences to be served concurrently. *Id.* However, our case is distinguishable from *Williamson* II for the reasons discussed below.

{¶20} To more fully understand what types of offenses are, as well as those that are not, subject to sentence enhancement by a firearm specification, we look to R.C. 2929.14(B)(1)(e), which states:

> The court shall not impose any of the prison terms described in division (B)(1)(a) of this section [for using a firearm specification during a criminal offense] * * * upon an offender for a violation of section 2923.12 [carrying concealed weapons] or 2923.123 [conveying or possessing a deadly weapon in a courthouse] of the Revised Code. The court shall not impose any of the prison terms described in division (B)(1)(a) or (b) of this section upon an offender for a violation of section 2923.122 [conveying or possessing a deadly weapon in a school safety zone] that involves a deadly weapon that is a firearm other than a dangerous ordnance, section 2923.16 [improperly handling a firearm in a motor vehicle], or section 2923.121 of the Revised Code [possessing a firearm in a liquor permit premises]. The court shall not impose any of the prison terms described in division (B)(1)(a) of this section or any of the additional prison terms described in division (B)(1)(c) of this section upon an offender for a violation of section 2923.13 [having a weapon under a disability] of the Revised Code unless all of the following apply:
> (i) The offender previously has been convicted of aggravated murder, murder, or any felony of the first or second degree.
> (ii) Less than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense.

{¶21} " 'The object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it.' " *State v. Hairston*, 101 Ohio St. 3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11, quoting *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902),

paragraph one of the syllabus.  "A court that is ascertaining the meaning of a statute first must 'consider the "plain meaning of the statutory language." ' " *State v. Simmons*, 2018-Ohio-2018, 112 N.E.3d 327, ¶ 28 (4th Dist.), quoting *State v. D.B.*, 150 Ohio St.3d 452, 2017-Ohio-6952, 82 N.E.3d 1162, ¶ 10, quoting *Portage Cty. Bd. of Commrs. v. Akron,* 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52.

{¶22} Courts have found that R.C. 2929.14(B)(1)(e) reflects that "the legislature expressly excluded certain *firearm offenses* from enhancement via specification."  (Emphasis added.) *State v. Santos*, 2d Dist. Montgomery No. 28445, 2020-Ohio-1043, ¶ 41, *see also State v. Ellis*, 6th Dist. Wood Nos. WD-17-035, WD-17-036, 2019-Ohio-427, ¶ 13-14, *State v. Wright*, 10th Dist. Franklin No. 09AP-207, 2009-Ohio-6773, *discretionary appeal not allowed,* 125 Ohio St.3d 1415, 2010-Ohio-1893, 925 N.E.2d 1003.  More specifically, the offenses of "carrying concealed weapons, illegal conveyance of deadly weapon or dangerous ordnance into courthouse, improperly handling firearms in a motor vehicle, illegal possession of firearm in a liquor permit premises — are *not* enhanceable [by a sentence from a firearm specification]."  (Emphasis added.) *State v. Jones*, 8th Dist. Cuyahoga No. 108050, 2019-Ohio-5237, ¶ 54.

{¶23} R.C. 2929.14(B)(1)(e) additionally provides that the offense of having a weapon while under a disability is not enhanceable with a sentence from a firearm specification "unless the offender previously has been convicted of aggravated murder, murder, or any first or second degree felony, and less than five years have passed since the offender was released from prison or post-

release control, whichever is later, for the prior offense." *Ellis*, 6th Dist. Wood

Nos. WD-17-035, WD-17-036, 2019-Ohio-427, ¶ 14, *State v. Stewart*, 10th Dist.

Franklin No. 18AP-496, 2020-Ohio-1245, ¶ 6.

{¶24} Sentencing enhancement prohibitions are limited to only the

offenses enumerated in the statute.  In other words, only the firearm offenses

expressly enumerated in R.C. 2929.14(B)(1)(e) are prohibited from being

enhanced by a sentence from a firearm specification, or in the case of the

offense of having a weapon while under a disability, must comply with R.C.

2929.14(B)(1)(e)(i) and (ii) to be subject to enhancement.  *See e.g. Santos*, 2d

Dist. Montgomery No. 28445, 2020-Ohio-1043, ¶ 41-42 (While "the legislature

expressly excluded certain firearm offenses from enhancement via specification

[under] R.C. 2929.14(B)(1)(e)[,] * * * [it] does not similarly exempt tampering with

evidence from such enhancement."), *Jones*, 8th Dist. Cuyahoga No. 108050,

2019-Ohio-5237, ¶ 54 ("Without an express prohibition by [R.C.

2929.14(B)(1)(e)], [appellant] can be sentenced on both the tampering count and

the accompanying one-year gun specification."), *State v. Elersic*, 11th Dist. Lake

No. 2000-L-145, 2002-Ohio-2945, ¶ 43, 50 (Addressing former R.C.

2929.14(D)(1)(e), now R.C. 2929.14(B)(1)(e), the court of appeals  determined

that provision "disallows enhancements" with regard to offenses of carrying a

concealed weapon, illegal conveyance of a deadly weapon or dangerous

ordnance in a courthouse, and having a weapon while under disability.  However,

R.C. 2929.14(D)(1)(e) did not mention appellant's offense receiving stolen

property.  Therefore, the court concluded had the General Assembly intended to

exclude receiving stolen property from R.C. 2929.14(D)(1)(e), it would have expressly done so.).

{¶25} In the instant case, the state charged Gray in pertinent part with: (1) aggravated trafficking in drugs with two sentence-enhancing firearm specifications (R.C. 2941.141 and R.C. 2929.145) and (2) having a weapon while under a disability with a firearm forfeiture specification. Gray ultimately pleaded guilty to (1) aggravated trafficking in drugs with a three-year sentence-enhancement for facilitating the trafficking offense by using a firearm under R.C. 2941.145, and (2) having a weapon while under a disability with the firearm forfeiture specification. Because it was Gray's aggravated trafficking offense that was enhanced with the three-year firearm specification for his use of a firearm to facilitate that offense, not the weapon-under-a-disability charge, R.C. 2929.14(B)(1)(e) did not apply to preclude the sentence enhancement.

{¶26} Even assuming for argument sake that the firearm specification had enhanced Gray's sentence for having a weapon while under a disability charge, it appears from the record that Gray was previously convicted of a felony of the second degree and was released from that offense less than five years prior to this offense. Under those particular facts, the three-year firearm enhancement of Gray's sentence for having a weapon under a disability would have been permissible under R.C. 2929.14(B)(1)(e).

{¶27} Consequently, we find that Gray's trial counsel's failure to argue merger, or to rely on *Williamson* to argue his three-year sentence for the firearm specification was not authorized by law under R.C. 2929.14(B)(1)(e), was not

deficient representation.  Rather, counsel negotiated an agreed minimum sentence of nine to a maximum of ten and one-half years in prison authorized by law, which was significantly less than the sentence he could have received had he gone to trial and been found guilty.  Because we find no evidence that counsel's representation of Gray was deficient, or that his conduct caused Gray prejudice, we overrule Gray's assignment of error.

CONCLUSION

{¶28} Having overruled Gray's sole assignment of error, we affirm the trial court's sentencing entry.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
        Kristy S. Wilkin, Judge


### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**