[Cite as *State v. Wynn*, 2024-Ohio-901.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-L-045 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ANTOINE F. WYNN, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 000072 |

**O P I N I O N**

Decided: March 11, 2024
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Donald K. Pond, Jr.*, 567 East Turkeyfoot Lake Road, Suite 107, Akron, OH 44319 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Antoine Wynn, appeals the trial court's finding him guilty of two counts of Having Weapons While Under Disability, third-degree felonies in violation of R.C. 2923.13(A)(2), with firearm specifications in violation of R.C. 2941.141 and 2941.145, and forfeiture specifications in violation of R.C. 2941.1417 and 2981.04. Appellant specifically asserts that the trial court did not have sufficient evidence to enhance his penalty through the firearm specification under R.C. 2941.145, or that the enhancement was against the manifest weight of the evidence. Appellant solely argues

that he had established at trial that he was acting in self-defense. For the following reasons, we affirm the judgment of the Lake County Court of Common Pleas.

{¶2} On January 15, 2022, the Wickliffe Police Department were dispatched to a roller skating rink. The police department had received phone calls that a man in a gray hoodie was outside of the skating rink shooting a gun. A peace officer arrived and saw Appellant, matching the description the police department had received, running from the scene. Appellant admitted to shooting with a revolver, which he had left at the scene. He also admitted to having a semi-automatic pistol on his person. Cameras from the skating rink and surrounding businesses captured Appellant running with the pistol in his hand.

{¶3} Patrolman Didona arrested Appellant and transported him to the police department for questioning. Appellant waived his right to an attorney and told Patrolman Didona his version of what had occurred. Appellant alleged that a woman and a "dreadlocked man" had been taunting him at the roller skating rink. The situation escalated when Appellant tried leaving and the woman blocked his path. Appellant claimed that the man continued screaming at him in the parking lot, threatening to "blow his head off." Appellant asserted that he felt threatened and admitted to shooting first toward the man with his revolver. He claimed that the man shot back at him before driving away in a red jeep.

{¶4} Police officers remaining at the scene interviewed witnesses who stated that they saw a man in a gray hoodie shooting, or in an altercation with, a man who had dreadlocks.

{¶5} On May 13, 2022, the Lake County Grand Jury indicted Appellant on four counts: (1) Felonious Assault, a second-degree felony in violation of R.C. 2903.11(A)(2);

2

(2) and (3) Having Weapons While Under Disability, third-degree felonies in violation of R.C. 2923.13(A)(2), with firearm specifications in violation of R.C. 2941.141 and 2941.145, and forfeiture specifications in violation of R.C. 2941.1417 and 2981.04; and (4) Inducing Panic, a fourth-degree felony in violation of R.C. 2917.31(A)(3). Appellant pled not guilty to all counts.

{¶6} On January 11, 2023, a jury trial commenced. Before the trial began, Appellant waived his right to a jury trial on counts two and three. A jury considered counts one and four, while the trial court considered counts two and three. Appellant asserted that he acted in self-defense. The court instructed the jury on self-defense. The jury returned verdicts of not guilty on counts one and four. The court, considering all the evidence and testimony from the jury trial, found Appellant guilty on counts two and three.

{¶7} On March 29, 2023, the court held a sentencing hearing. It merged both counts for sentencing and elected to sentence Appellant on count three. The court sentenced Appellant to 36 months in prison on count three and 54 months on the firearm specification pursuant to R.C. 2941.145.

{¶8} Appellant timely appeals and raises two assignments of error, which we consider together.

{¶9} First assignment of error: "The trial court erred by imposing sentence upon Defendant-Appellant Antoine Wynn pursuant to the firearm specification of R.C. 2941.145 in the absence of sufficient evidence."

{¶10} Second assignment of error: "The trial court erred by imposing sentence upon Defendant-Appellant Antoine Wynn pursuant to the firearm specification of R.C. 2941.145, contrary to the manifest weight of the evidence."

3

{¶11} As an initial matter, we note that, in this instance, the trial court was statutorily permitted to enhance Appellant's penalty on the firearm specification. The offense of Having Weapons While Under Disability is not enhanceable with a sentence from a firearm specification *unless* "the offender previously has been convicted of aggravated murder, murder, or any first or second degree felony, and less than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense." *State v. Stewart*, 10th Dist. Franklin No. 18AP-496, 2020-Ohio-1245, ¶ 6.

{¶12} The sentencing transcript reveals that Appellant had been previously convicted of Aggravated Robbery, a first-degree felony. He was released from prison in January 2021 on that offense and sentenced to 5 years mandatory post-release control. Pursuant to R.C. 2929.14(B)(1)(e), Appellant satisfies both prongs, and the court was therefore permitted to enhance his sentence to prison on the firearm specification.

{¶13} Ohio Appellate Courts have also considered whether a firearm specification merges with a conviction of Having Weapons While Under Disability as allied offenses of similar import. The courts have consistently rejected that argument, explaining that a firearm specification is not a separate criminal offense, but is an enhancement to the underlying charge. *See State v. Shepherd*, 8th Dist. Cuyahoga No. 99503, 2013-Ohio-4912, ¶ 8; *State v. Gray*, 4th Dist. Washington, 2022-Ohio-2940, ¶16. "Consequently, because 'R.C. 2941.25 requires the merger of two or more allied offenses of similar import,' it does not operate to merge a sentence enhancement for a firearm specification with any underlying felony offense." *Id.* citing *State v. Ford*, 128 Ohio St. 3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 17.

4

Case No. 2023-L-045

{¶14} We now address the substance of Appellant's assignments of error. Appellant contends that his penalty enhancement for the firearm specification (relating to his use of the revolver) pursuant to R.C. 2941.145 was not supported by sufficient evidence, or, alternatively, was contrary to the manifest weight of the evidence. On appeal, he does not argue that he did not possess the revolver (or the pistol). He concedes guilt to committing Having Weapons Under Disability and the firearm specification relating to the pistol. Rather, Appellant argues that he established that he had acted in self-defense. He thus contends that the trial court should not have found him guilty of the firearm specification for the revolver pursuant to R.C. 2941.145.

{¶15} R.C. 2941.145(D) provides:

Imposition of a mandatory prison term of fifty-four months upon an offender under division (B)(1)(a)(v) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed a firearm, or used the firearm to facilitate the offense and that the offender previously has been convicted of or pleaded guilty to a firearm specification of the type described in section 2941.141, 2941.144, 2941.145, 2941.146, or 2941.1412 of the Revised Code.

{¶16} At trial, the evidence and testimony established that Appellant had possession of, and displayed, the revolver in the parking lot. We stress that on appeal, Appellant only challenges the firearm specification "based on self-defense."

{¶17} R.C. 2901.05 provides:

A person is allowed to act in self-defense, defense of another, or defense of that person's residence. If, at the trial of a person who is accused of **an offense that involved the person's use of force against another**, there is evidence presented

5

that tends to support that the accused person used the force in self-defense, defense of another, or defense of that person's residence, the prosecution must prove beyond a reasonable doubt that the accused person did not use the force in self-defense, defense of another, or defense of that person's residence, as the case may be. (Bold added).

{¶18} Appellant's having a firearm on or about his person or under his control while committing Having Weapons Under Disability, and displaying the firearm, brandishing the firearm, indicating that he possessed a firearm, or using it to facilitate the offense does not involve the **use of force.** R.C. 2901.05 specifies that self-defense is available to a person who is accused of "**an offense that involved the person's use of force against another.**" (Bold added). Appellant's asserting self-defense applied to his affirmative defense on the count of Felonious Assault, which explains why the jury had been instructed on self-defense. Yet, violating R.C. 2941.145(D) does not involve the use of force against another. Appellant was not convicted (by the court or the jury) for shooting toward another person.

{¶19} Appellant's argument that he acted in self-defense does not apply to R.C. 2941.145. Because Appellant only challenges the enhancement of his firearm specification upon his asserting self-defense, his assignments or error are therefore without merit.

{¶20} The judgment of the Lake County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

6

Case No. 2023-L-045