[Cite as *State v. Baldwin*, 2026-Ohio-1653.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

    Plaintiff-Appellee,            :

                           No. 115525

v.                                                    :

ELIE BALDWIN,                              :

    Defendant-Appellant.          :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 7, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-702544-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew Moretto and Sean Drake, Assistant Prosecuting Attorneys, *for appellee.*

Jaye M. Schlachet, and Eric M. Levy, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Elie Baldwin ("Baldwin") appeals his prison sentence. For the reasons that follow, we affirm.

**Facts and Procedural History**

{¶ 2} On June 10, 2025, a Cuyahoga County Grand Jury indicted Baldwin on five counts: Count 1, Having Weapons While Under Disability ("HWWUD") with a one-year firearm specification; Count 2, Carrying a Concealed Weapon; Count 3, Improperly Handling Firearms in a Motor Vehicle; Count 4, Receiving Stolen Property and Count 5, Obstructing Official Business.

{¶ 3} On August 13, 2025, Baldwin pled guilty to Count 1 — HWWUD with the one-year firearm specification and to Count 5 — obstructing official business. Counts 2, 3 and 4 were nolled.

{¶ 4} The court sentenced Baldwin to a prison term of one year and nine months: one year for the firearm specification attached to Count 1, to be served prior to, and consecutive with, nine months on the underlying count and 90 days on Count 5 to run concurrently with Count 1.

{¶ 5} Baldwin appeals this sentence, raising the following assignment of error:

> The trial court committed plain error, and appellant was denied his constitutional right to effective assistance of counsel, when the court imposed a mandatory one-year prison term for the firearm specification attached to count one, as such a sentence is expressly precluded by R.C. 2929.14(B)(1)(e) and was contrary to applicable Ohio law.

**Law and Argument**

{¶ 6} At the outset, we note that Baldwin failed to raise this issue in the trial court and, therefore, our review is limited to plain error. *State v. Jackson*, 2024-

Ohio-958, ¶ 76 (8th Dist.), citing *State v. Wiley*, 2019-Ohio-3092, ¶ 19 (8th Dist.); *State v. Stewart*, 2020-Ohio-1245, ¶ 7 (10th Dist.). "To establish plain error, [appellant] must show that an error occurred, that the error was obvious, and that there is 'a reasonable *probability* that the error resulted in prejudice,' meaning that the error affected the outcome of the trial." (Emphasis in original.) *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 22.

{¶ 7} Baldwin argues on appeal that the trial court committed plain error by imposing a one-year prison term for the firearm specification in violation of R.C. 2929.14(B)(1)(e). We disagree.

{¶ 8} As stated in *Jackson* at ¶ 73:

R.C. 2929.14(B)(1)(e) states that a prison term for a firearm specification shall not be imposed upon an offender for a violation of [HWWUD] unless two requirements are met: (i) the offender has previously been convicted of aggravated murder, murder or any first- or second-degree felony and (ii) "[l]ess than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense."

{¶ 9} Reviewing the statute, we find that two requirements must be met in order for a trial court to impose a prison term for a firearm specification. First, the offender must have committed one of the stated offenses or a first- or second-degree felony. The second requirement has a temporal condition. It must have been less than five years since the offender was released either from prison or released from postrelease control ("PRC"), whichever is later.

{¶ 10} The first requirement to impose a prison term for a firearm specification on a HWWUD conviction is not disputed by the parties here as Baldwin

admits he was convicted of aggravated robbery in 2018 (Cuyahoga C.P. No. CR-17-622608-B), a first-degree felony. Rather, Baldwin argues that the second of the two requirements was not met.

{¶ 11} At the sentencing hearing the court inquired of Baldwin regarding his prior offense and the status of his accompanying PRC. Baldwin admitted that he served a four-year sentence, was released from prison in 2021 and was placed on PRC. He admits he was on PRC when he committed the offense underlying this case which violated the terms of his PRC.

{¶ 12} Baldwin argues that, because he was still on PRC, the statute's second requirement that less than five years have passed since the offender was "released from . . . post-release control," had not yet occurred as he had not been released from PRC.

{¶ 13} In making this argument, however, we find that Baldwin ignores, or fails to apply, the first part of the second requirement that "[l]ess than five years have passed since the offender was released from prison . . . ." By Baldwin's own statement he was released from prison in 2021, and the indictment in this case indicates the offense was committed on or about February 9, 2025. This is less than five years since his release from prison in 2021 and, as such, satisfies the first condition of the second requirement. *See Stewart*, 2020-Ohio-1245, at ¶ 12 (Finding the second requirement's first condition was satisfied because it had been less than five years, based on the date of the commission of the current offense, since the defendant had been released from prison even though he was still on PRC.). The

language that determines whether you use the date "less than five years from" or "whichever is later" is important here. The fact that Baldwin was not yet released from PRC means that the possible date for the second condition of the second requirement has not yet occurred and, therefore, does not yet exist. Logically, a nonexistent date cannot be later than the only actual date that currently exists, the date he was released from prison, such that his release from prison date is the only date we can consider at this point.

{¶ 14} We, therefore, find that the trial court had sufficient evidence in the record to find the second requirement of the statute was satisfied and it properly sentenced Baldwin to a prison term on the firearm specification and for HWWUD. Thereby, Baldwin cannot succeed on a claim of plain error.

{¶ 15} We now turn to the second part of Baldwin's assignment of error — that he received ineffective assistance of counsel when his attorney failed to object to the trial court's sentence. "To prevail on a claim of ineffective assistance of counsel, [appellant] must prove (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that his counsel's deficient performance prejudiced him, resulting in a fundamentally unfair or unreliable outcome of the proceeding." *State v. Wilson*, 2024-Ohio-776, ¶ 26.

{¶ 16} We find, based on our resolution of the sentencing issue, that because the trial court's sentence was proper, and not an error, there was nothing to which Baldwin's counsel could object, such that there is no merit to the argument that his counsel's performance was deficient for not objecting to the sentence. Similarly,

there is no merit to the argument that Baldwin was prejudiced by his counsel not objecting to a legally valid sentence as it would not have changed the outcome of the proceeding. "Trial counsel cannot be deemed deficient or ineffective for failing to perform a futile act." *State v. Washington*, 2023-Ohio-1667, ¶ 145 (8th Dist.).

{¶ 17} As such, Baldwin's assignment of error is overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
TIMOTHY W. CLARY, J., CONCUR